# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MERRITT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2008 |
| | : | |
| ED HARTMAN, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.**  /s/ JLS                                                                                                                            June 24, 2019

      *Pro se* Plaintiff Robert Merritt, a person who was formerly incarcerated at the Lehigh County Jail, has filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 against Ed Hartman, the County of Lehigh, the City of Allentown, "the Prison of Lehigh County," "the Agency of the Shiriff [sic] Department that he work for," and the "State of Pennsylvania."[1] He alleges that Defendant Hartman assaulted him on April 17, 2019. Merritt also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will (1) grant leave to proceed *in forma pauperis*, (2) require that Merritt remit 20% of the filing fee for this matter, (3) dismiss certain Defendants with prejudice, (4) dismiss certain Defendants without prejudice, and (4) permit the claim against Defendant Hartman to proceed.

## I.    FACTS

      Merritt alleges that on or about April 17, 2019, "for no reason at all," Defendant Hartman assaulted him. (ECF No. 1 at page 6.) He asserts that Hartman hit him in the back of the head. (*Id.*) He also asserts that the assault caused him great fear, that he was scared for his life, and he

---

[1] The Court interprets "the Prison of Lehigh County" to mean Lehigh County Jail, "the Agency of the Shiriff [sic] Department that he work for," to mean the Lehigh County Sheriff's Department, and the "State of Pennsylvania" to mean the Commonwealth of Pennsylvania.

suffered a flash back to a prior prison assault. (*Id.*) He alleges a violation of the Eighth Amendment[2] and that his treatment constituted discrimination. (*Id.*) He seeks money damages and that Defendant Hartman be fired. (*Id.*) Other than listing the County of Lehigh, the City of Allentown, Lehigh County Prison, the Sheriff's Department, and the Commonwealth of Pennsylvania in the caption of his Complaint, Merritt makes no substantive allegation against these Defendants.

## II. STANDARD OF REVIEW

Because Merritt appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

---

[2] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Although Merritt cites the Eighth Amendment, it is not clear from his complaint whether he was incarcerated as a convicted inmate or a pretrial detainee. Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

[3] Merritt filed this action on May 8, 2019. He signed the Complaint on May 5, 2019. (ECF No. 1 at page 6.) When he signed the Complaint, Merritt stated that he was presently confined at the Lehigh County Jail. (*Id.* at 3.) By Order entered on May 10, 2019, Merritt was directed to submit the $350 filing fee and $50 administrative fee or file a motion to proceed *in forma pauperis* along with a certified prison account statement. (ECF No. 4.) Merritt was advised that, even if he were ultimately granted *in forma pauperis* status, he would still be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b). (*Id.*)
    On May 21, 2019, Merritt filed a change of address (ECF No. 5) and the pending Motion to Proceed *In Forma Pauperis*. (ECF No. 6.) In his Motion, Merritt states that he is no longer incarcerated but is currently homeless and does not have resources to pay the filing fee. (*Id.* at 1.) Merritt did not make any payments towards the filing fee prior to his release.
    While the Court grants his Motion, Merritt must still make a partial payment of the filing fee required by 28 U.S.C. § 1915(b) before this case can proceed. Even though he has been released from custody the provisions of the Prison Litigation Reform Act ("PLRA") still apply to this case. Release from incarceration does not eliminate the obligation of payment of a filing fee that could and should have been met from a prisoner's institutional account while his imprisonment continued. *Lyles v. Delaware*, Civ. A. No. 18-173, 2018 WL 6605223, at *4 (D. Del. Dec. 17, 2018). Numerous courts have held that subsequent release from prison does not relieve a prisoner of the obligation to pay the filing fee. *See Drayer v. Attorney Gen. of*

apply, requiring the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Merritt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

---

*Delaware*, 81 F. App'x 429, 431 (3d Cir. 2003) (non-precedential) (holding that "if a litigant is a prisoner on the day he files a civil action, the PLRA applies"); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (same); *Robbins v. Switzer*, 104 F.3d 895, 899 (7th Cir. 1997). *In forma pauperis* status merely "defers, but does not permanently excuse, the payment of filing fees." *In Re Smith*, 114 F.3d at 1251; *see also Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.") (internal quotation marks and citations omitted) (emphasis in original); *Robbins*, 104 F.3d at 898 ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). While, if Merritt had waited to file suit until after he was released he could have applied for *in forma pauperis* status as a non-prisoner and been excused from pre-payment, since he filed while still incarcerated the Court must collect the partial payment.

3

This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## II.   DISCUSSION

### A.   Claim Against Lehigh County Prison

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The § 1983 claim against Lehigh County Prison is dismissed with prejudice because a jail is not a "person" under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

### B.   Claims Against the County of Lehigh, the Lehigh County Sheriff's Department and the City of Allentown

The claims against the County of Lehigh, the Lehigh County Sheriff's Department and City of Allentown are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Other than the reference in the caption of the Complaint that the Lehigh County Sheriff's Department is the agency that employed Defendant Hartman, there are no substantive allegations concerning any of these Defendants. Construing the Complaint liberally, the Court assumes that Merritt seeks to hold the Lehigh County Sheriff's Department liable because it employs Hartman. However, municipalities, including counties and their Sheriff's

Departments,[4] cannot be held liable for the conduct of employees pursuant to *respondeat superior*. *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017) ("Pennsylvania county offices . . . are treated as municipalities for purposes of *Monell*.") (citing *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013)). Rather, a municipality "can be sued directly under § 1983 . . . [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by [the municipality's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690. Therefore, in order to properly state a § 1983 claim against a county or sheriff's department, a plaintiff must allege that it unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights.

Merritt has failed to properly state a claim against the Lehigh County, the Lehigh County Sheriff's Department and the City of Allentown as required by *Monell*, since he does not sufficiently state that the Defendants caused any alleged constitutional violation by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his constitutional rights. However, because the Court cannot state at this stage of the litigation that Merritt can never state a plausible *Monell* claim, these Defendants will be dismissed without prejudice and leave granted to Merritt to file an amended complaint. If he should choose to do so, Merritt is directed to state with as much specificity as possible how each Defendant

---

[4] Claims against a county Sheriff's Department are treated as claims against the county itself. *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997).

5

unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights.

### C. Claims Against the Commonwealth of Pennsylvania

Merritt has named the Commonwealth of Pennsylvania as a Defendant in this matter. The Commonwealth, however, is entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and is not considered a "person" subject to liability under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, Merritt's claims against the Commonwealth will be dismissed with prejudice.

### D. Claims Against Defendant Hartman

Defendant Hartman is alleged to have assaulted Merritt without justification. Whether the Court considers Merritt to be a pretrial detainee or a convicted inmate, the allegation against Hartman, while brief, is sufficient to pass § 1915 screening. Accordingly, this claim may proceed so long as Merritt remits the partial payment of the $350 filing fee.

## IV. CONCLUSION

For the reasons stated, the claims against the County of Lehigh, the Lehigh County Sheriff's Department, and the City of Allentown will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Merritt is granted leave to file an amended complaint. If he chooses to file an amended complaint, Merritt is advised to state precisely how each Defendant unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights. The claim against Lehigh County Jail and the claim against the Commonwealth of Pennsylvania are dismissed with prejudice since they are not "persons" subject to suit under § 1983. The claim against Defendant

Hartman may proceed only if Merritt remits the partial payment of the filing fee. An appropriate Order follows.

BY THE COURT:


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**