IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MERRITT, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-2008 |
| : | |
| ED HARTMAN, *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this 24th day of June, 2019, upon consider of *pro se* Plaintiff Robert Merritt's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6) and Prisoner Trust Fund Account Statement (ECF No. 10), and it appearing that Merritt is no longer incarcerated, it is **ORDERED** that:

    1.    Because Merritt was incarcerated at the time he filed this civil action, the Prison Litigation Reform Act ("PLRA") applies, even though he has since been released from imprisonment. *See, e.g., In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."). Thus, Merritt must pay an initial partial filing fee of $0.34, which the Court has calculated based on the information in his prison account statement. *See Drayer v. Att'y Gen. of Del.*, 81 F. App'x 429, 431 (3d Cir. 2003) (per curiam) ("We agree with the District Court's reasoning that once [plaintiff's] fee obligations under the PLRA accrued, his subsequent release from prison did not relieve him of his obligation under the PLRA to pay the initial fee . . . ."); *see also Stewart v. Wackenhut Corr. Corp.*, Civ. A. No. 01-731, 2006 WL 1623268, at *1 (E.D. Pa. June 8, 2006). As Merritt's Motion for Leave to Proceed *In Forma Pauperis* indicates that he is homeless and indigent, the Motion is **GRANTED**.

2. If Merritt seeks to proceed with this action, he is **DIRECTED** to, within thirty (30) days of the date of this Order submit an initial partial filing fee of $0.34 to the Clerk of Court. If Merritt fails to make the partial payment, his case may be dismissed without prejudice for failure to prosecute without further notice.

3. The Complaint is **DEEMED** filed.

4. The Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants "State of Pennsylvania" and "The Prison of Lehigh County."

5. The Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants County of Lehigh, the "Agency of the Shiriff Department That He Work For," and the City of Allentown.

6. Merritt is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against County of Lehigh, the "Agency of the Shiriff Department That He Work For," and the City of Allentown. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Merritt's claims against each defendant, and shall bear the title "Amended Complaint" and the caption 19-2008. If Merritt files an amended complaint, his amended complaint must be a complete document that includes all of the bases for all of his claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Merritt should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. If Merritt does not file an amended complaint the Court will direct service of his initial Complaint on Defendant Hartman only. Merritt may also notify the Court that he seeks to proceed on the claims against Hartman rather than file an amended complaint. If he files such a notice, Merritt is reminded to include the case number for this case, 19-2008.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**