IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MERRITT,<br><br>    Plaintiff,<br><br>v.<br><br>ED HARTMAN,<br><br>    Defendant. | CIVIL ACTION<br>No. 19-2008 |

**MEMORANDUM**

**SCHMEHL, J.** **/s/ JLS**                                **AUGUST 20, 2020**

  *Pro se* Plaintiff Robert Merritt filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 8, 2019, alleging violations of the Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution. (*See* ECF No. 1.)

  He alleges that, on or around April 17, 2019, "for no reason at all," Defendant Ed Hartman assaulted him. (*Id*. at 6.) Plaintiff asserts that Hartman hit him on the back of the head, causing him physical and mental injuries. (*Id*.) To redress these alleged harms, Merritt seeks monetary damages as well as for Hartman to be "removed from his job." (*Id*.)

  On June 25, 2019, this Court issued a Memorandum Opinion dismissing, with prejudice, claims against a number of government defendants. (*See* ECF No. 12.) The claims that remained were only those asserted against Defendant Hartman. (*Id*.) In that Memorandum, Plaintiff was also given leave to file an amended complaint. (*Id*. at 2.) He did so on July 24, 2019. (*See* ECF No. 15.)

1

This matter is now before the Court on Defendant Hartman's Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 31.) In his Motion, Hartman moves to dismiss all claims against him and further asserts the doctrine of qualified immunity as a defense. (*See id*.) For the foregoing reasons, we deny in part and grant in part Hartman's Motion. Furthermore, we find that any analysis of Hartman's assertion of qualified immunity is premature at this juncture.

I.  STANDARD OF REVIEW

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

To meet this standard, a complaint must plead "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 787. The Third Circuit has developed a three-part framework in this analysis: (1) a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements; (2) a plaintiff's claims may not be merely conclusory; and (3) where there are well-pleaded factual allegations, the court should assume their truth and then determine if they plausibly entitle a plaintiff to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787-89 (3d Cir. 2016). In this analysis, the Court must assume all nonconclusory factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom. *Id.* at 790.

Our analysis changes, however, when a party represents itself *pro se*. The Supreme Court requires us to "liberally construe" a *pro se* document. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than

2

formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Our Court of Appeals further instructs us to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

II.     ANALYSIS

In the present matter, Plaintiff has filed a civil rights Complaint[1] pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) Section 1983 does not independently create any actionable rights, but rather provides a remedy for the violation of federal constitutional or statutory rights. *Wardlaw v. City of Phila.*, No. 09-3981, 2011 U.S. Dist. LEXIS 29655, at *15-16 (E.D. Pa. Mar. 21, 2011). As such, "[t]he first step in evaluating a [S]ection 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citations and internal quotations omitted). Accordingly, we assess Plaintiff's claims asserted under the Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution in turn.

---

[1] Plaintiff's Amended Complaint is captioned as "Amended Complaint or want to add to the Original Complaint." (*Id.* at 1.) In our analysis, we are required to liberally construe pro se documents and to hold them to less stringent standards than those produced by attorneys. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As such, we will read Plaintiff's original Complaint alongside his Amended Complaint and take their allegations as one.

3

### a. Plaintiff's Claims Under the Eighth Amendment of the United States Constitution are Dismissed With Prejudice

First, Plaintiff asserts that Hartman violated his rights under the Eighth Amendment by implementing "cruel and unusual punishment" while Plaintiff was a pretrial detainee. (ECF No. 15 at 2.) However, as Hartman recognizes in his Motion, the Eighth Amendment's prohibition against cruel and unusual punishment does not apply to pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977); *Sylvester v. City of Newark*, 120 Fed. App'x 419, 423-24 (3d Cir. 2005).

Protection under the Eighth Amendment is afforded only after the Government has complied with the constitutional guarantees traditionally associated with criminal prosecutions. *Ingraham*, 430 U.S. at 671-72 n.40. Indeed, the Supreme Court has long established that:

> [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

*Id*.

Here, Plaintiff has alleged that Hartman assaulted him while a pretrial detainee. (ECF No. 15 at 2.) As such, the Eighth Amendment is not the appropriate vehicle to remedy any alleged injuries. Rather, any relief accorded to Plaintiff in this matter would instead be accorded pursuant to the Due Process Clause of the Fourteenth Amendment. *Ingraham*, 430 U.S. at 671-72 n.40. Consequently, Plaintiff's claims against Hartman asserted under the Eighth Amendment are dismissed with prejudice.

### b. Plaintiff's Claims Under the Thirteenth Amendment of the United States Constitution are Dismissed With Prejudice

Second, Plaintiff alleges that "Hartman subject[ed] me to being a slave because of me being a [B]lack man . . ." in violation of the Thirteenth Amendment. (*Id*.) In response, Hartman argues that Plaintiff makes no factual allegations relevant to this amendment. (ECF No. 31 at 5-6.)

In relevant part, the Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. amend. XIII, § 1. The Supreme Court has further clarified that:

> [t]he primary purpose of the Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase 'involuntary servitude' was intended 'to cover those forms of compulsory labor akin to African slavery . . .
>
> *United States v. Kozminski*, 487 U.S. 931, 942 (1988) (citing *Butler v. Perry*, 240 U.S. 328, 332 (1916)).

Building upon this, our Third Circuit Court of Appeals has further elaborated that "the prohibition against involuntary servitude has always barred forced labor through physical coercion." *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 806 (E.D. Pa. 2004) (citing *Steirer v. Bethlehem Area Sch. Dist.*, 987 F.2d 989, 998 (3d Cir. 1993) (abrogated on other grounds by *Troster v. Pa. State Dep't Corrs.*, 65 F.3d 1086, 1090 (3d Cir. 1995))).

Neither Plaintiff's original Complaint nor his Amended Complaint contains any allegations of forced labor. (*See* ECF Nos. 1, 15.) Indeed, but for the conclusory assertion that Hartman subjected Plaintiff to slavery, Plaintiff does not assert any facts alleging that he was subjected to forced labor through physical coercion. *See Johnson*, 987 F.2d at 998. As such, we must dismiss with prejudice all claims asserted in this action by Plaintiff under the Thirteenth Amendment.

### c. Plaintiff's Claims Under the Due Process Clause of the Fourteenth Amendment of the United States Constitution Survive this Motion

Third, Plaintiff alleges violations of the Fourteenth Amendment of the United States Constitution. (*See* ECF No. 15.) He claims "[r]acial [d]iscrimination of color and living situation and also due to being a [pretrial] detaine[e]." (*Id*.) As the only facts that Plaintiff has set forth pertain to his alleged assault by Hartman, we will "liberally construe" Plaintiff's Amended Complaint to allege a violation of the Due Process Clause of the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (citation omitted). Indeed, if the pretrial detainee's treatment is "not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court may permissibly infer that the purpose of the governmental action is punishment . . . ." *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979). When analyzing such questions, the court must assess whether the force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Brooks v. Austin*, 720 F. Supp. 2d 715, 719 (E.D. Pa. 2010) (internal quotation and citation omitted).

Here, Plaintiff has alleged that "for no reason at all . . . [he was] assaulted by Sh[e]riff Ed Hartman . . . in the back of the head until [his kufi hat] came off." (ECF No. 1 at 6.) Plaintiff further asserts that Hartman assaulted him while Plaintiff was handcuffed. (*Id*.) Assuming Plaintiff's allegations to be true—as required—there is no possible, legitimate goal to be achieved by striking a pretrial detainee in the back of the head while handcuffed. Additionally, Hartman has notably not challenged any of Plaintiff's factual assertions, nor has he asserted that any use of force was done "in a good-faith effort to maintain or restore discipline." *Brooks*, 720 F. Supp. 2d

6

at 719.  As such, we find that Plaintiff has adequately pleaded a violation of his rights under the Due Process Clause of the Fourteenth Amendment, and we will not dismiss this claim at this time.

### d.  Defendant Hartman's Assertion of Qualified Immunity is Denied

In response to these allegations, Defendant Hartman asserts that Plaintiff's claims are barred by the doctrine of qualified immunity.  (*See* ECF No. 31 at 7.)  Qualified immunity is the "entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To assess a claim for qualified immunity, a court must determine: (1) whether the facts that a plaintiff has alleged or shown make out a violation of a Constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 223-24 (2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)).  A Constitutional right is clearly established where "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Wilson v. Layne*, 526 U.S. 603, 614-15 (1999) (citation omitted).  That is, qualified immunity applies to "all [those eligible] but the plainly incompetent or those who knowingly violate the law."  *Ray v. Twp. of Warren*, 626 F.2d 170, 173 (3d Cir. 2010) (internal quotations and citation omitted).

In the Third Circuit, it is the defendant's burden to prove that qualified immunity applies.  *Thomas v. Independence Twp.*, 463 F.3d 285, 293 (3d Cir. 2006).  Indeed, it will be "upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint."  *Id*. at 291 (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)).  Moreover, the Third Circuit has emphasized "that it is generally unwise to venture into a qualified immunity analysis at the

pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 Fed. App'x 788, 791 n.3 (3d Cir. 2009).

In the context of a 12(b)(6) motion, "[t]he lack of a sufficient record upon which to decide the qualified immunity issue is of particular concern." *Breslin v. Brainard*, No. 01-7269, 2002 U.S. Dist. LEXIS 21845, at *26 n.11 (E.D. Pa. Nov. 1, 2002). Because of this, the Third Circuit has noted that our standard of review for the present motion favors the denial of qualified immunity as "we look only to the complaint to see whether there is any set of facts [P]laintiff can prove that would support a denial of immunity." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). Thus, given this guidance and the lack of a factual record at this stage, it is premature for us to dismiss this matter based on this doctrine. Accordingly, we deny Hartman's assertion of qualified immunity.

### III. CONCLUSION

For the foregoing reasons, we deny in part and grant in part Hartman's Motion. All claims asserted by Plaintiff but for those made under the Due Process Clause of the Fourteenth Amendment are dismissed with prejudice. An appropriate Order follows.